UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Y.F.L.,<br><br>       Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br><br>       Defendant. | Case No. 20-cv-04892-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 14, 17 |

    Plaintiff Y.F.L.[1] appeals a final decision of the Commissioner of Social Security ("Commissioner")[2] denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381, *et seq*. The parties have filed cross-motions for summary judgment. Y.F.L. did not file a reply. The matter was submitted without oral argument.

    Y.F.L. requests a remand for further administrative proceedings, arguing that the Appeals Council improperly rejected additional evidence she submitted for consideration after the administrative law judge ("ALJ") issued his decision. Although the parties' cross-motions for summary judgment address several other matters,[3] the Court concludes that it need only address

---

[1] Because orders of the Court are more widely available than other filings, and this order contains potentially sensitive medical information, this order refers to the plaintiff only by her initials. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

[2] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as defendant in place of Andrew Saul.

[3] Y.F.L. contends that the ALJ made vocational findings that are not supported by substantial evidence and improperly evaluated medical opinions. Y.F.L. also claims she did not receive

the issue concerning Y.F.L.'s submission of additional evidence to the Appeals Council. Because the Court concludes that the Appeals Council should not have rejected Y.F.L.'s additional evidence, the Court grants Y.F.L.'s motion for summary judgment, denies the Commissioner's cross-motion for summary judgment, and remands this matter for further administrative proceedings consistent with this order.[4]

**I.   BACKGROUND**

Y.F.L. protectively filed her application for SSI on March 30, 2018, when she was 50 years old, alleging that she has been disabled and unable to work since March 30, 2018, noting that she has "[b]ack problems" and "asthma," that her "legs give out," and that she was involved in a motor vehicle accident. AR[5] 103, 111, 199-207, 217. She completed the eleventh grade in high school and has not worked since she was seventeen years old. AR 82, 83.

Y.F.L.'s application was denied initially and on reconsideration. AR 103-120. An ALJ held a hearing and subsequently issued an unfavorable decision on August 19, 2019. AR 23-33, 75-102. The ALJ found that Y.F.L. has not engaged in substantial gainful activity since March 30, 2018 and that she has the following severe impairments: "essential hypertension, degenerative changes in the lumbar and cervical spine; obesity; and alcohol use disorder." AR 25. However, the ALJ concluded that Y.F.L. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Commissioner's regulations. AR 26-27.

The ALJ determined that Y.F.L. has the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 416.967(c), except as follows:

> [Y.F.L.] can frequently lift and carry 25 pounds, occasionally lift and carry 50 pounds, can sit for up to 6 hours in an 8-hour workday, and stand and walk 6 hours in an 8-hour workday with normal breaks. She can occasionally climb ladders, ropes, or scaffolds, and

---

notice of the ALJ's intent to enter into the record evidence regarding a post-hearing consultative examination.

[4] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 10, 11.

[5] "AR" refers to the certified administrative record lodged with the Court. Dkt. No. 13.

can frequently stoop and crawl.

AR 28. The ALJ found that Y.F.L. has no past relevant work and that transferability of job skills therefore is not an issue. AR 32. In view of her age, education, work experience and RFC, the ALJ further found that Y.F.L. is able to perform jobs in the light, unskilled category that exist in significant numbers in the national economy, such as cashier, cafeteria attendant, and merchandise marker. AR 33. Accordingly, the ALJ concluded that Y.F.L. has not been disabled, as defined by the Act, since the alleged onset date of March 30, 2018. *Id*.

The Appeals Council denied Y.F.L.'s request for review of the ALJ's decision. AR 4-10. Y.F.L. then filed the present action seeking judicial review of the decision denying her application for benefits.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citation omitted); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citation omitted). In this context, the term "substantial evidence" means "more than a mere scintilla" but "less than a preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ahearn*, 988 F.3d at 1115 (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) and *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012), *superseded by regulation on other grounds*; internal quotation marks omitted*); see also Morgan*, 169 F.3d at 599 (citation omitted). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Ahearn*, 988 F.3d at 1115 (citation omitted); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Ahearn*, 988 F.3d at 1115-16 (citation omitted); *Morgan*, 169 F.3d at 599 (citation omitted).

### III.     DISCUSSION

Y.F.L. argues that the Appeals Council improperly rejected additional evidence she submitted for consideration after the ALJ rendered his decision. As discussed above, the ALJ issued his decision on August 19, 2019, concluding that Y.F.L. was not disabled from March 30, 2018, when she filed her application for benefits, through the date of his decision. AR 23-33. Y.F.L. asked the Appeals Council to review the ALJ's decision and submitted additional evidence in support of her claims. The additional evidence consists of records from the Bay View Medical Clinic, most of which pre-date the ALJ's decision (i.e., January 10, 2019 through August 14, 2019), with a few pages that post-date the ALJ's decision (i.e., September 16-17, 2019). AR 38-74.

In its decision denying Y.F.L.'s request for review, the Appeals Council stated that the additional evidence pre-dating the ALJ's decision "does not show a reasonable probability that it would change the outcome of the decision." AR 5. As for records post-dating the ALJ's decision, the Appeals Council explained that "[t]he [ALJ] decided your case through August 19, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you are disabled beginning on or before August 19, 2019." *Id.* Y.F.L. argues that the Appeals Council's assessment is unfounded because the additional evidence relates to her left foot issues and there is a reasonable probability that the evidence would have changed the outcome of the ALJ's decision. Dkt. No. 14 at 10-11.

When the Appeals Council rejects additional evidence, courts may review that decision to determine if there is a reasonable possibility the evidence would have changed the ALJ's decision, thus warranting remand. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d at 1233 ("Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence."); *Baker v. Colvin*, No. 16-cv-00771-EMC, 2016 WL 5869944, at *2, n.3 (N.D. Cal. Oct. 7, 2016) ("When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is . . . subject to judicial review because it amounts to an error of

law.") (internal quotations and citation omitted).[6]

The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). "Evidence is new if it is not duplicative or cumulative." *Baker*, 2016 WL 5869944 at *3 (citation omitted). "Evidence can also be new if not available when the ALJ made their decision." *Id.* "Evidence is material if it relates to the claimant and if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (internal quotations and citation omitted).

Y.F.L.'s additional evidence documents a number of visits to physician James Walls, M.D. and podiatrist Xingbo P. Sun, D.P.M., in which she reported that as of January 2019 her right foot pain improved, but that she began experiencing left foot pain that got worse with use of a surgical shoe. *See, e.g.,* AR 38, 41, 42, 44, 46-47. An April 18, 2019 progress note states that an x-ray noted osteopenia and no fracture. AR 49. Subsequent records document some reported improvement, though Y.F.L. was described as "still very symptomatic." AR 49, 54, 55. Dr. Sun ordered an MRI, and an August 5, 2019 MRI of Y.F.L.'s left foot revealed she had a nondisplaced fracture at the talus. AR 55, 65.

The Commissioner remarks, without elaboration, that Y.F.L.'s additional evidence was "untimely proffered." Dkt. No. 17 at 12. Y.F.L. asserts that the additional evidence "was not available and/or not in existence at the time of [her] hearing." Dkt. No. 14 at 10. Parties generally must submit all written evidence to the ALJ at least five days prior to the administrative hearing. *See* 20 C.F.R. § 416.1435(a). Perhaps some of the additional records could have been produced earlier. However, of particular import to Y.F.L. is the August 5, 2019 MRI (revealing her fractured talus), which was obtained months after the administrative hearing and only shortly before the ALJ issued his decision. Such circumstances would appear to be at least consistent

---

[6] By contrast, "[w]hen the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor*, 659 F.3d at 1231. Y.F.L. is not arguing that the Appeals Council's decision to deny her request for review should be reversed.

1   with the "good cause" required under the Commissioner's regulations. *See* 20 C.F.R.
2   § 416.1470(b). In any event, the Appeals Council did not cite lack of good cause as a reason for
3   declining Y.F.L.'s additional evidence. AR 5.

4   There appears to be no dispute that Y.F.L.'s additional evidence is neither cumulative nor
5   duplicative. Moreover, the additional evidence "relates to the period on or before the date of the
6   hearing decision." 20 C.F.R. § 416.1470(a)(5). Although some of Y.F.L.'s additional evidence
7   post-dates the ALJ's decision, "evidence dated *after* an ALJ's decision can still be related to the
8   period *before* the ALJ's decision." *Baker*, 2016 WL 5869944, at *4 (citing cases). "This includes
9   records addressing treatment for 'the same kinds of impairments for which [a claimant] was
10  treated before the ALJ's decision' and treatment for ongoing impairments." *Jesus M. G. R. v.*
11  *Kijakazi*, No. 10-cv-07426-DMR, 2021 WL 4243387, at *4 (N.D. Cal. Sept. 17, 2021) (quoting
12  *Baker*, 2016 WL 5869944 at *5). Here, the records that were submitted to the ALJ document
13  Y.F.L.'s left foot issues. For example, in a January 25, 2019 functional capacity evaluation,
14  physical therapist Nolan Bagalso assessed Y.F.L. with "[left] foot pain" (among other conditions)
15  "that impairs mainly balance and strength limiting functional capacity." AR 401. As noted by the
16  ALJ, at the April 15, 2019 administrative hearing Y.F.L. testified that she had been experiencing
17  pain in her left foot since January 2019. AR 26, 92. Y.F.L. also testified that she had been seeing
18  her doctor and a specialist for several months to determine what was wrong. AR 92. The
19  additional evidence she submitted to the Appeals Council shows ongoing treatment of her left foot
20  issues that were documented in records pre-dating the ALJ's decision. *See, e.g., Jesus M. G. R.*,
21  2021 WL 4243387 at *4 (finding that plaintiff's additional evidence that post-dated the ALJ's
22  decision were related to the period before the decision because they showed ongoing treatment for
23  conditions and related symptoms documented in records pre-dating the ALJ's decision).

24  There is a reasonable probability that the inclusion of Y.F.L's additional evidence would
25  have changed the outcome of the disability determination. Y.F.L.'s additional evidence bears
26  directly on the alleged issues with her left foot. The ALJ found that the record "does not support
27  the claimant being limited or having issues with her left foot," and that Y.F.L.'s "foot issues
28  are . . . a non-medically determinable impairment." AR 26. Consideration of Y.F.L.'s additional

1  evidence—in particular, the August 5, 2019 MRI showing a fracture—could impact a
2  determination whether her left foot issues constitute a medically determinable impairment, which
3  in turn could affect other aspects of the ALJ's decision, including the evaluation of Y.F.L.'s
4  credibility, the evaluation of the medical opinion evidence, and the assessment of Y.F.L.'s RFC.[7]

5      The Commissioner offers no further argument regarding Y.F.L.'s additional evidence,
6  except to state that "[i]f [Y.F.L.]'s medical condition deteriorated after [the ALJ's August 19,
7  2019 decision], it would be relevant to a subsequent decision." Dkt. No. 17 at 13. That argument
8  does not address the vast majority of Y.F.L.'s additional evidence which pre-dates the ALJ's
9  August 19, 2019 decision. In any event, for the reasons discussed above, the Court finds that all
10 of Y.F.L.'s additional evidence relates to the period on or before the ALJ's decision.

11     Accordingly, the Court does not reach Y.F.L.'s other challenges to the ALJ's decision and
12 remands this case for further proceedings consistent with this order. On remand, the ALJ shall re-
13 evaluate whether Y.F.L. is entitled to benefits in light of her new evidence submitted to the
14 Appeals Council.

### IV. CONCLUSION

Based on the foregoing, Y.F.L.'s motion for summary judgment is granted, the Commissioner's motion for summary judgment is denied, and this matter is remanded for further proceedings consistent with this order. The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: December 20, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[7] *See* 20 C.F.R. § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," as explained in §§ 416.920(c), 416.921, and 416.923, when we assess your residual functional capacity."); *see also* AR 26 (ALJ decision stating that the ALJ "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's [RFC].").